EDITH BROWN CLEMENT, Circuit Judge,
dissenting:
The majority goes too far in remanding to the district court. The district court clearly erred in finding no duty to defend by looking to extrinsic evidence to support its determinations. I join the majority insofar as it reverses the ruling of the district court based on the introduction of extrinsic evidence. However, because Unique breached the consent-to-settle provision of the insurance contract, summary judgment was proper.
The insurance contract between Unique and Colony included a consent-to-settle provision which limited Colony’s liability if Unique entered a settlement without Colony’s consent. Such a provision protects insurers when insureds exclude the insurer from the settlement negotiations but still expect the insurer to foot the bill. Colony urges us to affirm the district court’s grant of summary judgment because Unique settled specific claims with Uponor without Colony’s consultation or involvement. The majority is skeptical of Colony’s claim, but is remanding to the district court to evaluate the consent-to-settle provision.
I do not find it necessary to remand to the district court. We may affirm the district court’s grant of summary judgment on any grounds supported by the record. Griffin v. United Parcel Serv., *895 Inc., 661 F.3d 216, 221 (5th Cir.2011). I would affirm because Unique breached the consent-to-settle provision of the insurance contract.
Unbeknownst to Colony, Unique engaged in settlement negotiations and reached a settlement agreement with Upo-nor for at least some of the underlying claims. The emails indicate that Unique was taking “responsibility] for any claims arising out of defective product,” and “agreed to issue a check for 50% of the total claim of $17,478.22 in full settlement of these claims” for swivel nut liability. By voluntarily assuming obligations and incurring expenses without Colony’s consent, Unique breached the consent-to-settle provision of the insurance contract.
In Motiva Enterprises, L.L.C. v. St. Paul Fire & Marine Insurance Co., this court held that an insurer could properly deny coverage under Texas law when the insured entered a settlement agreement ■without consulting the insurer, tendering the settlement to the insurer, or permitting the insurer to participate in the settlement decision. 445 F.3d 381, 386 (5th Cir.2006). The logic of Motiva applies to Unique’s settlement. Unique neither informed Colony of the settlement negotiations, nor did Unique invite Colony to participate in the settlement. Unique, in an effort to protect its business relationship with Uponor, agreed to accept liability for future claims and settled the past claims for a specific sum. Colony’s exclusion triggered the consent-to-settle provision. Colony was prejudiced by the settlement both because it would likely be forced to pay the settlement amount and it would be bound by any admissions made by Unique. Under Motiva, this prejudicial breach justifies denying coverage.
There was sufficient evidence before this court to hold that the settlement between Unique and Uponor breached the consent-to-settle provision of the insurance contract, prejudicing Colony. The consent-to-settle provision exists to prevent just this sort of behavior by insureds. When Unique violated the provision, coverage was voided. Because summary judgment could be affirmed on the basis of voided coverage, I respectfully dissent.